THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* THE ATLANTIC AVENUE RAILROAD COMPANY, RESPONDENT.

*Action to dissolve a corporation — neither six days discontinuance of business, nor an exaction from its employees of more than ten hours labor a day, a ground therefor.*

An action by the attorney-general to dissolve a railroad corporation because of a failure to exercise its corporate powers cannot be sustained under an averment and proof that the railroad company has discontinued its business for six days.

It is not a legal ground of forfeiture of a corporate charter that the corporation has exacted, in violation of chapter 529 of the Laws of 1887, more than ten hours labor a day from its employees.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 24th day of February, 1889, with notice of an intention to bring up for review the decision or intermediate order made at a Special Term in the county of Kings on the 17th day of February, 1890.

By the judgment the defendant's demurrer to the complaint was sustained and the complaint was dismissed, with costs.

The action was brought by the attorney-general of the State of New York for the dissolution of the defendant, a corporation.

*John T. McDonough,* for the appellant.

*W. W. MacFarland,* for the respondent.

BARNARD, P. J. :

By section 1785 of the Code it is provided that an action may be maintained to dissolve a corporation " where it has suspended its ordinary and lawful business for at least one year." This is the only provision of law which authorizes a dissolution for a suspension of the business of the corporation. Section 1798 of the Code is not in conflict with section 1785. Section 1798 permits the attorney-general to bring an action against a corporation created under the laws of this State, and among the causes specified for vacating a charter of a corporation is when a corporation has forfeited its privileges and franchises by a failure to exercise its powers. This makes no different rule from the one established in section 1785, and it is to that section the attorney-general must look for a declaration as to what constitutes a forfeiture of a franchise by a failure to exercise its powers.

It may, therefore, safely be conceded that an action will lie for an omission of duty amounting to a breach of trust by a corporation, but the legislature have plainly given a period of one year, during which an omission to transact its business shall not be sufficient to annul the charter. There is, therefore, no cause of action stated in the complaint under that breach of it which avers a discontinuance of business for six days, and there is no averment that the company had not the power and wish to continue the business. (*Bradt* v. *Benedict,* 17 N. Y., 93.)

By chapter 529, Laws of 1887, ten hours labor to be performed within twelve hours was the standard day's work to be exacted by the defendant of its employees, and the act made a violation of the same a misdemeanor as to all officers and agents of the corporation who exacted more than ten hours a day. The complaint avers a failure to observe that law as a reason for annulling the charter of the defendant. It is not a legal cause for a forfeiture of the charter. The act does not so provide, but it does provide a criminal punishment for its violation as to its officers and agents who offend against its provision. The act is not in terms an amendment to the railroad act, and it is not an amendment by implication. A corporation

must act by agents, and these agents cannot destroy the corporation by a criminal act, in the absence of the expression of a legislative intent to that effect in the legislative act which creates the crime.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order sustaining demurrer to complaint and judgment thereon affirmed, with costs.